UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CLEARWATER KEY ASSOCIATION-SOUTH BEACH II, INC.,**

    Plaintiff,

v.                                Case No.  8:25-cv-00295-VMC-AAS

**LEXINGTON INSURANCE COMPANY,**

    Defendant.
_____/

## ORDER

Defendant Lexington Insurance Company (Lexington) moved to strike Plaintiff Clearwater Key Association-South Beach II, Inc.'s (Clearwater Key) expert Sonny Gulati for failure to provide his expert report timely. (Doc. 19). Clearwater Key opposes the motion and requests an extension of Lexington's rebuttal expert disclosure deadline to cure any prejudice to Lexington resulting from the untimely disclosure of Mr. Gulati's expert report. (Doc. 24).

### I.  BACKGROUND

The Case Management and Scheduling Order directs the parties to provide expert disclosures by August 5, 2025, and to provide rebuttal expert disclosures by August 26, 2025. (Doc. 12). Rule 26(2)(B) of the Federal Rules of

1

Civil Procedure requires an expert to provide a written report containing the information described in Rule 26(2)(B)(i–vi).[1]

On August 5, 2025, Clearwater Key provided its expert disclosures identifying Mr. Gulati as one of its three expert witnesses. (Doc. 19-1). Because Mr. Gulati had not yet been able to schedule his field inspection of the subject property as of that date, Clearwater Key stated that the report would be forthcoming. (*Id.*, p. 7). Mr. Gulati conducted his inspection of the subject property on August 12, 2025, and provided his report to Clearwater Key on August 19, 2025. (Doc. 19-4). However, Clearwater Key's counsel inadvertently failed to send Mr. Gulati's report to the Defendant. On August 27, 2025, at 5:42 p.m., Lexington's counsel emailed Clearwater Key's counsel asking whether he "will agree to strike Mr. Gulati as an expert witness in this matter for failure to timely disclose Mr. Gulati's report." (Doc. 19-2, p. 6). The next morning, Clearwater Key's counsel explained he "didn't realize that [he] had not provided [Mr. Gulati's] report" and produced the report via email. (*Id.*, p. 5).

Lexington now moves to strike Mr. Gulati as an expert witness because the deadline for rebuttal disclosures had passed (two days prior) when it

---

[1] Rule 26(a)(2)(B) pertains to experts who must provide written reports. The parties do not dispute that Mr. Gulati falls into this category. Lexington does not appear to challenge Mr. Gulati's reports' sufficiency under Rule 26.

2

received the report. (Doc. 19). Clearwater Key responded in opposition to Lexington's motion, arguing the late disclosure was substantially justified and harmless, plus any prejudice to Lexington could be cured by the court extending Lexington's deadline for disclosing its rebuttal expert report(s). (Doc. 24).

## II. ANALYSIS

Under Rule 26(a)(2)(D), a party must make expert disclosures "at the times and in the sequence that the court orders." The appropriate sanction for a party's failure to comply with Rule 26(a) is governed by Rule 37(c):

> (c) **Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
>
> (1) ***Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless. . .*

Fed. R. Civ. P. 37(c) (emphasis added).

Lexington requests that the court strike Clearwater Key's untimely disclosure of Mr. Gulati's report and prohibit him from testifying. The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *See Taylor v. Mentor*

3

*Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019); *Dover Shores Shell, Inc. v. Scottsdale Ins. Co.*, No. 6:22-cv-167-PGB-DCI, 2023 WL 2403882, at *3 (M.D. Fla. Mar. 8, 2023). The expert disclosure requirement in Rule 26(a)(2)(B) "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *OFC Fitel LLC v. Epstein, Becker and Green PC*, 549 F.3d 1344, 1363 (11th Cir. 2008) (quoting *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008)). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese*, 527 F.3d at 1266.

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (citation omitted). "In general, excluding expert testimony is viewed as a 'drastic' sanction requiring careful consideration." *Bendik v. USAA Cas. Ins. Co.*, No. 6:19-cv-118-Orl-41EJK, 2019 WL 9466018, at *2 (M.D. Fla. Oct. 25, 2019). To that end, "[c]ourts use five factors in deciding whether evidence is substantially justified or harmless. Those factors are: '(1) the unfair prejudice or surprise of the opposing party; (2)

the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence.'" *Lanzi v. Yamaha Motor Corp.*, No. 8:17-cv-2020-T-36AEP, 2019 WL 9553066, at *9 (M.D. Fla. Sept. 26, 2019) (quoting *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. 2012)).

The weight of these factors tips against the "drastic" remedy of exclusion, and the court finds that Clearwater Key's belated expert disclosure was substantially justified or harmless. *See Lanzi*, 2019 WL 9553066, at *9 ("Other courts have noted that a party's misconduct is harmless when it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced") (citation omitted). Lexington cannot claim they were surprised by the disclosure of Mr. Gulati's report because Mr. Gulati had been timely disclosed, though without a written report. The only alleged prejudice claimed is that Lexington is without the ability to provide a rebuttal opinion because the deadline for providing rebuttal opinions has passed. This alleged prejudice is curable by an extension of the rebuttal expert deadline.

Mr. Gulati's deposition was scheduled to occur on October 1, 2025, and

5

the discovery deadline expires on October 10, 2025. The court will allow Lexington additional time, before the dispositive motion deadline, to obtain and depose a rebuttal expert, if it chooses to do so.[2] Clearwater Key has shown that its untimely expert disclosure was harmless. Under these circumstances, the remedy of striking Clearwater Key's expert is unwarranted.

## III. CONCLUSION

Accordingly, it is **ORDERED** that Lexington's Motion to Strike Expert Sonny Gulati (Doc. 19) is **DENIED**. Mr. Gulati's expert disclosure is considered timely. Lexington must disclose any rebuttal expert by **October 23, 2025**. Any deposition of this expert must occur by **October 31, 2025**. The discovery deadline is extended solely to disclose and depose Lexington's rebuttal expert, if necessary. All other case management deadlines remain in effect.

---

[2] Modifications of the court's expert disclosure deadlines are permitted. Rule 26's default rules on expert disclosures apply "[u]nless otherwise stipulated or ordered by the court[.]" Fed. R. Civ. P. 26(a)(2)(B) & (C). The Eleventh Circuit has recognized that Rule 26 "explicitly empowers district courts (through orders or local rules) and parties (through written stipulations) to modify the usual disclosure requirements. This allows for adjustments to the default rules as the circumstances of a case demand." *Cedant v. United States*, 75 F.4th 1314, 1324–25 (11th Cir. 2023) (internal citation omitted).

**ENTERED** in Tampa, Florida, on October 2, 2025.

*/s/ Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge