UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLEARWATER KEY ASSOCIATION –
SOUTH BEACH II, INC.,

      Plaintiff,

v.                        Case No. 8:25-cv-295-VMC-AAS

LEXINGTON INSURANCE COMPANY,

      Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Clearwater Key Association - South Beach II, Inc.'s Motion in Limine (Doc. # 50), filed on February 6, 2026. Defendant Lexington Insurance Company responded on February 26, 2026. (Doc. # 54). For the reasons that follow, the Motion is denied.

## I.    **Legal Standard**

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in

1

limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

2

Federal Rule of Civil Procedure 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. All relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403; United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Use of Rule 403 to exclude relevant evidence is an "extraordinary remedy" whose "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001).

This Court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273,

1285 (11th Cir. 2003) ("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

## II.  Discussion

Clearwater Key seeks to exclude evidence "regarding various water leaks throughout the subject property that are unrelated to any cast-iron plumbing." (Doc. # 50 at 1). Clearwater Key argues that "evidence related to leaks emanating from sources other than [the property's] cast-iron plumbing system" is not relevant as such leaks have "nothing to do with" Clearwater Key's "claim related to its cast-iron pipes." (Id. at ¶ 7). Even if such evidence were relevant, Clearwater Key contends that it would confuse the issues, mislead the jury as to the scope of Clearwater Key's claims, and waste time. (Id. at ¶¶ 14-16). Further, to the extent Lexington "intends to introduce evidence of various water leaks throughout the building to imply — or perhaps directly argue — that [Clearwater Key] does not properly maintain its building," Clearwater Key argues that any relevance "would be substantially outweighed by the danger of creating a false

4

image of [Clearwater Key] as being an association that does not properly maintain its building, which would be used by [Lexington] as a type of propensity argument ('because [Clearwater Key] does not properly maintain the stucco on the exterior wall, you can conclude that [Clearwater Key] does not properly maintain its cast-iron plumbing system')." (Id. at ¶ 17).

In response, Lexington asserts that Clearwater Key "fails to cite to any particular evidence it seeks for this Court to exclude at trial," leaving Lexington unsure of what evidence Clearwater Key seeks to preclude. (Doc. # 54 at 3-4). In any event, Lexington argues that evidence of plumbing leaks which "were identified and repaired prior to Lexington receiving notice of the claim" are relevant. (Id. at 5-6). Lexington contends that evidence of such "leaks go directly to the issue of whether Lexington was prejudiced as it is undisputed that the property's conditions were materially different on the date Lexington inspected the property many years after the subject loss occurred, as compared to how it was at the time of the subject loss." (Id.).

The Court cannot determine at this time that unspecified evidence regarding plumbing leaks unrelated to the cast-iron system is inadmissible on all potential grounds. The

relevancy and admissibility of such evidence should be decided on a case-by-case basis at trial. See Robbins v. Robertson, No. 7:15-cv-00124 (WLS), 2022 WL 2987890, at *5 (M.D. Ga. July 28, 2022) ("Motions in limine that are broad, vague, and include speculative categories of evidence and argument of which the Court cannot predetermine the admissibility are due to be denied, as the real purpose of a motion in limine is to avoid the introduction of evidence at trial that is clearly inadmissible on all potential grounds and could irretrievably impact the fairness of the trial." (citation and internal quotation marks omitted)).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Clearwater Key Association - South Beach II, Inc.'s Motion in Limine (Doc. # 50) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of March, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

6