UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLEARWATER KEY ASSOCIATION –
SOUTH BEACH II, INC.,

      Plaintiff,

v.                                    Case No. 8:25-cv-295-VMC-AAS

LEXINGTON INSURANCE COMPANY,

      Defendant.

_____/

## ORDER

This matter is before the Court on consideration of Defendant Lexington Insurance Company's Motion to Strike Plaintiff's Witnesses Nos. 4-10 from Testifying at Trial (Doc. # 60), filed on March 5, 2026. Plaintiff Clearwater Key Association - South Beach II, Inc. responded on March 12, 2026. (Doc. # 65). For the reasons that follow, the Motion is granted.

## I.   Background

Pursuant to this Court's Case Management and Scheduling Order, the parties were directed to serve initial disclosures by March 12, 2025. (Doc. # 12 at 1). The discovery deadline was October 10, 2025. (Id.).

In Clearwater Key's initial disclosure dated March 11, 2025, it named various individuals who may have discoverable

1

information. (Doc. # 60-1). The disclosure identified Gerald Bilbrey, the president of Clearwater Key, as someone with "knowledge of claim, backup incidents, retention of plumbers, contractors and water mitigation repair companies, budgets and expenditures of Association related to claim." (Id. at 1). The disclosure also listed:

> 4.   Any and all residents of Clearwater Key from August 5, 2020 through the present time who may have knowledge regarding the claim.
>
> [ . . . ]
>
> 14.  Any person identified during the course of discovery.
>
> 15.  Any person identified in any document produced by any party in this matter.

(Id. at 2, 4).

On August 8, 2025, Clearwater Key exchanged its answers to Lexington's first interrogatories. (Doc. 60-2). In response to Interrogatory No. 8, which asked for the identities of any person believed to have "knowledge concerning any of the issues in this lawsuit" and the "subject matter about which the witness has knowledge," Clearwater Key referred to "the witnesses identified in Plaintiff's Rule 26 Disclosures served on March 11, 2025." (Id. at 5). Clearwater Key responded in the same way when it exchanged its amended

2

answers to Lexington's first interrogatories on December 9, 2025. (Doc. # 60-3 at 5).

The parties met to prepare the joint final pretrial statement on February 17, 2026. (Doc. # 60 at ¶ 14). On March 3, 2026, one month prior to trial, Clearwater Key gave Lexington an amended trial witness list that included, for the first time, "(1) Mitch Peterson, Vice President of Plaintiff; (2) Jeff Jeziorski, Secretary of Plaintiff; (3) Cindy Fairbanks, Treasurer of Plaintiff; (4) Ron Donalson, Director of Plaintiff; (5) Richard Hect [sic], Director of Plaintiff; (6) Mike Nolte, Director of Plaintiff; and (7) 'Clearwater Key Association Southbeach II, Inc. Board members from DOL 8/5/2020 through the present.'" (Id. at ¶ 18; Doc. # 60-5 at 1-2). The next day, Clearwater Key provided another amended trial witness list that named the following previously unidentified past board members: Terence Dominach, Patrick Leroux, Vladmir Jacaj, and Michelle Hammer. (Doc. # 60 at ¶ 19; Doc. # 60-6 at 2).

On March 5, 2026, Lexington moved to strike Mr. Peterson, Mr. Jeziorski, Ms. Fairbanks, Mr. Donalson, Mr. Hecht, Mr. Nolte, Mr. Dominach, Mr. Leroux, Mr. Jacaj, and Ms. Hammer from Clearwater Key's witness list. (Doc. # 60). Clearwater Key responded. (Doc. # 65). The Motion is ripe for review.

## II.  **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), "a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). A party "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." Mitchell v. Ford Motor Co., 318 F. App'x

4

821, 824 (11th Cir. 2009) (internal quotation marks omitted). "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." Gaskin v. Healthtrust Workforce Sols., No. 0:24-cv-60431, 2025 WL 1754570, at *2 (S.D. Fla. May 19, 2025) (internal quotation marks omitted).

## III. **Discussion**

Lexington moves to strike Witness Nos. 4 through 10, other than Mr. Bilbrey, from Clearwater Key's amended trial witness list pursuant to Rule 37(c) due to Clearwater Key's failure to timely provide Rule 26(a) or (e) disclosures for such witnesses. Alternatively, Lexington requests permission to depose these individuals prior to trial.

In response, Clearwater Key admits it did not specifically identify these individuals as potential witnesses in its initial disclosure. Clearwater Key maintains that it identified these witnesses "in broad terms" in its initial disclosure "due to the changing nature of the Board of Directors" and that it identified the witnesses "more specifically shortly before trial as it became apparent which members of the Board would be current as of the time of trial." (Doc. # 65 at ¶ 10).

The Court agrees with Lexington that these witnesses should be stricken from Clearwater Key's trial witness list pursuant to Rule 37(c).

"Several courts have held that providing only broad, general disclosures falls short of giving the opposing party notice regarding the specific witness or witnesses that the disclosing party intends to rely on in the litigation." State Farm Mut. Auto. Ins. Co. v. Complete Care Centers, LLC, No. 6:20-cv-1240-WWB-EJK, 2022 WL 20439273, at *2 (M.D. Fla. Nov. 23, 2022); see also Durham v. Navient Sols., LLC, No. 1:18-cv-03147-CAP, 2019 WL 13207594, at *3 (N.D. Ga. Sept. 19, 2019) ("The defendant's vague disclosure that '[a]s-yet unidentified employees and/or representatives . . . have information regarding [topics relevant to this litigation]' was insufficient to put the plaintiff on notice that the defendant would be relying extensively on Dries's testimony to prevail in the litigation."); Geico Cas. Co. v. Beauford, No. 8:05-cv-697-S_B-E_J, 2007 WL 2412953, at *5 (M.D. Fla. Aug. 21, 2007) ("The Court finds that naming a general category such as 'corporate representative' is not a sufficient disclosure under Rule 26 of the Federal Rules of Civil Procedure."). Here, in its initial disclosure, Clearwater Key identified its president, Mr. Bilbrey, by name

6

and listed the subjects of discoverable information he had. (Doc. # 60-1 at 1). The only portions of the disclosure that could be interpreted as broadly referring to other past and current members of Clearwater Key's board of directors are as follows:

4.    Any and all residents of Clearwater Key from August 5, 2020 through the present time who may have knowledge regarding the claim.

[ . . . ]

14.  Any person identified during the course of discovery.

15.  Any person identified in any document produced by any party in this matter.

(Id. at 2, 4). The Court finds that this general disclosure was insufficient to provide Lexington notice of the specific board members, other than Mr. Bilbrey, it seeks to call as witnesses at trial. The disclosure also fails to identify the subjects of discoverable information within the knowledge of these witnesses. Accordingly, the disclosure was deficient pursuant to Rule 26(a). See Complete Care Centers, 2022 WL 20439273, at *2 (finding the defendants' Rule 26(a) disclosure deficient where it failed to identify the witness by name, "giving only a generic category containing over 2,600 persons," and did not identify the subjects of discoverable information the witness might have).

7

Clearwater Key argues that "it strains credulity" for Lexington to claim it was "not aware of these witnesses and/or [was] not aware that they had knowledge regarding the claim and the Board's involvement with the claim given that" some of the witnesses were identified as board members in the minutes from two board of directors meetings, which "were discussed at length throughout discovery and are included on [Lexington]'s exhibit lists for trial." (Doc. # 65 at ¶¶ 6-9). However, the fact that these witnesses' names were included within meeting minutes that Clearwater Key turned over in discovery does not relieve Clearwater Key of its duty to supplement its Rule 26(a) disclosures. See L.A. v. Riverside Mil. Acad. Found., Inc., No. 2:18-cv-00215-RWS, 2021 WL 8998914, at *6 (N.D. Ga. Sept. 30, 2021) (finding that the plaintiff was not excused from supplementing his Rule 26 disclosures because the witnesses' names were included in discovery responses); Station Enters., Inc. v. Ganz, Inc., No. 07-cv-14294, 2009 WL 3059148, at *5 (E.D. Mich. Sept. 24, 2009) ("Defendants' argument suggests that by mentioning a name in a discovery response, a party is no longer obligated to include it on a witness list. Such a practice . . . is contrary to the Federal Rules of Civil Procedure."). Accordingly, the Court finds that Clearwater

Key failed to timely disclose Mr. Peterson, Mr. Jeziorski, Ms. Fairbanks, Mr. Donalson, Mr. Hecht, Mr. Nolte, Mr. Dominach, Mr. Leroux, Mr. Jacaj, and Ms. Hammer as required by Rule 26(a) and (e).

Clearwater Key does not specifically argue that its failure to comply with Rule 26(a) and (e) was harmless or substantially justified. The only explanation Clearwater Key offers for its failure to timely disclose the names of its current and past board members other than Mr. Bilbrey is that, "[b]ecause the Board of Directors for the Association is an entity with changing membership, the identity of the specific members who make up the Board at the time of trial is not certain until just shortly before trial." (Doc. # 65 at ¶ 2). Yet, Clearwater Key represents that the membership of its board of directors has been the same since July 2025. (Id. at ¶ 4). Therefore, all past and present board members were known to Clearwater Key well before the October 10, 2025, discovery deadline. Clearwater Key has not offered a reasonable explanation for its failure to supplement its initial disclosure to identify the past and current board members prior to exchanging its amended trial witness lists on March 3 and 4, 2026.

9

The Court finds that Clearwater Key has not met its burden of establishing that its failure to timely disclose "was substantially justified or harmless." Mitchell, 318 F. App'x at 824 (internal quotation marks omitted). Accordingly, pursuant to Rule 37(c)(1), Clearwater Key is precluded from calling Mr. Peterson, Mr. Jeziorski, Ms. Fairbanks, Mr. Donalson, Mr. Hecht, Mr. Nolte, Mr. Dominach, Mr. Leroux, Mr. Jacaj, and Ms. Hammer as witnesses at trial.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Lexington Insurance Company's Motion to Strike Plaintiff's Witnesses Nos. 4-10 from Testifying at Trial (Doc. # 60) is **GRANTED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of March, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

10